*391 Voto disidente emitido por el
Juez Presidente Señor Hernández Denton.
Lamentablemente, por el escaso margen de un voto, este Tribunal desaprovecha la oportunidad de corregir una postura que es contraria al principio de igualdad garantizado en nuestra Constitución. Al denegar la bien fundamentada moción de reconsideración presentada por la parte peticionaria, la decisión de esta Curia contraviene el mejor bienestar de una menor que ha sido amada y protegida por sus dos madres desde antes de su nacimiento. Con profundo pesar, disiento nuevamente.
Reitero que el Art. 138 del Código Civil, 31 LPRA see. 539, es inconstitucional al discriminar por razón de sexo. Descartada esta disposición, es evidente que el expediente judicial demuestra que la Sra. AAR cumple con todos los requisitos para adoptar a quien ha sido su hija de facto por más de doce años. Por ello, coincido con lo expuesto por la compañera Juez Asociada Señora Rodríguez Rodríguez en que no debemos minimizar el valor del expediente judicial para desviar la atención a argumentos extrajurídicos y morales, como lo ha hecho una mayoría de este Tribunal. Por ende, proveería “ha lugar” a la moción de reconsideración que nos ocupa y concedería la adopción según solicitada.
De hecho, en su moción, la parte peticionaria señala que una mayoría de este Tribunal erró al razonar que el Art. 138 del Código Civil, supra, no discrimina por razón de sexo porque trata por igual a hombres y mujeres. Al respecto, destaca que el Tribunal Supremo federal rechazó este tipo de razonamiento en Loving v. Virginia, 388 US 1 (1967), decisión sin la cual los integrantes de los matrimonios interraciales hoy podrían estar tras las rejas. En ese caso el máximo foro federal expresó lo siguiente:
“[T]he State contends that, because its miscegenation statutes punish equally both the white and the Negro participants *392 in an interracial marriage, these statutes, despite their reliance on racial classifications do not constitute an invidious discrimination based upon race [...] In the case at bar, however, we deal with statutes containing racial classifications, and the fact of equal application does not immunize the statute from the very heavy burden of justification which the Fourteenth Amendment has traditionally required of state statutes drawn according to race”. (Énfasis y corchetes en el original). Caso Núm. CC-2008-1010, Pieza 4, Moción de reconsideración, pág. 8, citando a Loving v. Virginia, supra, págs. 8-9.
Al aplicar lo anterior al caso ante nos, la parte peticionaria sostiene correctamente que el hecho de que un estatuto que crea categorías basadas en sexo aplique por igual a hombres y mujeres no es suficiente para sostener su validez constitucional, la cual debe evaluarse mediante el escrutinio estricto en nuestra jurisdicción. Pérez, Román v. Proc. Esp. Rel. de Fam., 148 DPR 201, 212-213 (1999); Wackenhut Corp. v. Rodríguez Aponte, 100 DPR 518, 531 (1972).
En mi disenso anterior destaqué que la Opinión mayoritaria aplicó erróneamente el escrutinio mínimo racional a la clasificación inherentemente sospechosa que establece el Art. 138 del Código Civil, supra. Así, descansó en el interés que el Procurador General alegó en sus comparecencias iniciales: que la clasificación impugnada pretendía proteger los valores arraigados en la institución de la familia tradicional. Repito que esa alegación generalizada es insuficiente para que el Art. 138 del Código Civil, supra, sobreviva el escrutinio estricto. Peor aún, el Estado retiró esa alegación. Actualmente, la Procuradora General sostiene que el Art. 138 del Código Civil, supra, es inconstitucional.
Luego de certificada la Opinión sobre este caso, que todavía no es final y firme, la Oficina de la Procuradora General compareció ante este Tribunal mediante una moción informativa para puntualizar que el Estado Libre Asociado de Puerto Rico y el Gobierno de Estados Unidos han adoptado como política pública erradicar el discrimen por razón de sexo, orientación sexual y género para atemperar el or *393 denamiento jurídico a la garantía constitucional de igualdad. Moción Informativa en Respuesta a Moción de Reconsideración y Solicitud de Autorización y Término para Presentar Postura del Estado en Relación a la Moción de Reconsideración de la Parte Peticionaria, págs. 2-3. Como bien señala la compañera Juez Asociada Señora Rodríguez Rodríguez, esta moción debe ser atendida como una para expresarse sobre la moción de reconsideración presentada por la peticionaria y no como una moción de reconsideración independiente. Según la Regla 31 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, la Procuradora General contaba con un término de diez días desde la notificación de la moción de reconsideración presentada por AAR para expresarse. Así lo hizo. Por tal razón, la moción fue presentada oportunamente.
Precisamente, la Procuradora General señala que es posible que el Tribunal Supremo de Estados Unidos evalúe la constitucionalidad de leyes que contienen clasificaciones por orientación sexual en los casos Hollingsworth v. Perry, Núm. 12-144, y United States v. Windsor, Núm. 12-307. Moción informativa, supra. Por ello, nos advierte que la determinación que tome el máximo foro federal en los próximos meses podría afectar directamente el reclamo de la Sra. AAR. íd., pág. 4. Amerita destacar que el Tribunal Supremo federal celebró vistas orales en ambos casos el 26 y 27 de marzo de 2013.
Por otra parte, la Procuradora General afirma que el Art. 138 del Código Civil, supra, es inconstitucional porque discrimina por razón de orientación sexual y no sobrevive el escrutinio estricto. Moción informativa, supra, pág. 5. Por eso, se unió a la moción de reconsideración presentada por la peticionaria. Id.
Sin embargo, cinco de los nueve jueces de esta Curia dejan a un lado la realidad de que el propio Estado mediante la Procuradora General apoya la adopción solicitada y de que, en unos meses, el Tribunal Supremo federal podría resolver en los méritos dos casos que impactarían la *394 decisión cuya reconsideración se solicita. Asimismo, además de rehusarse a reconocer que el Art. 138 del Código Civil, supra, es inconstitucional porque discrimina por razón de sexo, la mayoría no da adecuada importancia y reconocimiento a la amalgama de fundamentos jurídicos adicionales que sostienen su inconstitucionalidad. Veamos unos cuantos, sin ánimo de ser exhaustivos.
Primero, este Tribunal pudo haber declarado inconstitucional el Art. 138 del Código Civil, supra, por este discriminar por razón de nacimiento contra JMAV. Segundo, este Tribunal pudo haber declarado inconstitucional el referido artículo por este infringir el derecho de CW y AAR a tener hijos, criarlos y educarlos, proveniente del derecho a la intimidad garantizado expresamente en nuestra Constitución y el cual es de factura más ancha que su homólogo federal. Tercero, la inconstitucionalidad del artículo en cuestión pudo haberse fundamentado reconociendo que la orientación sexual es una característica inmutable del ser humano, fundamental para su identidad. Cuarto, este Tribunal pudo haber decretado su inconstitucionalidad incluso mediante el escrutinio racional, pues la clasificación impugnada es arbitraria y caprichosa. Quinto, este Tribunal tenía la obligación de declarar inconstitucional el Art. 138 del Código Civil, supra, por este violar la dignidad de AAR, CW y JMAV, al tratarlas como ciudadanas de segunda clase por ser parte de una familia encabezada por dos mujeres.
Es harto sabido que Puerto Rico no puede reconocer me-nos derechos constitucionales que los reconocidos a nivel federal. Pueblo v. Yip Berríos, 142 DPR 386, 397-398 (1997); Figueroa Ferrer v. E.L.A., 107 DPR 250, 258-259 (1978). Si la Opinión emitida el 20 de febrero de 2013 adviene final y firme y el máximo foro federal invalida las clasificaciones por orientación sexual, ¿obligaremos a la parte peticionaria a sufrir y costear un nuevo procedimiento judicial idéntico al que ha sufrido y costeado desde el 7 de junio de 2005? Véase Apéndice, pág. 77. ¿Por qué no *395 podemos esperar unos meses para disponer de un caso que lleva ante esta Curia desde el 13 de noviembre de 2008?
Lo peor es que, fuera del escenario judicial, este Tribunal deja desprotegida a una menor que seguirá viviendo con sus dos madres, independientemente del juicio moral que cinco de los nueve jueces de esta Curia indirecta o directamente hace de su familia. Los tres seres humanos que comparecieron ante este Tribunal en búsqueda del remedio que les garantiza nuestra Constitución merecen, como mínimo, sensibilidad, respeto y consideración de parte de cada uno de los integrantes de esta Curia.
A la luz de lo expuesto anteriormente, la prudencia aconseja que este Tribunal posponga la consideración de la moción de reconsideración presentada por la parte peticionaria. No obstante, como una mayoría de este Tribunal ha decidido denegar la misma, disiento del curso de acción propuesto y reitero los criterios expuestos en mi Opinión disidente del 20 de febrero de 2013.